```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DESHAYLA AVANT | : | HONORABLE JOSEPH E. IRENAS |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 07-1997 (JEI) |
| v. | : | |
| | : | |
| J.C. PENNEY; JOHN DOE 1 TO 5; | : | **OPINION** |
| MARY DOE 1 TO 5; ABC | : | |
| PARTNERSHIPS 1 TO 5; | : | |
| and XYZ CORPORATIONS 1 TO 5 | : | |
| jointly, severally, and/or | : | |
| in the alternative, | : | |
| Defendants. | : | |

**APPEARANCES:**

MARSHALL, DENNEHEY, WARNER, COLEMAN & GROGGIN
BY: Walter J. Klekotka, Esquire
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
    Counsel for J.C. Penney

HOFFMAN DiMUZIO
BY: James S. Taylor, Esquire
1739-1753 Delsea Drive
PO Box 285
Franklinville, New Jersey 08322
    Counsel for Plaintiff

**IRENAS**, Senior District Judge:

On March 14, 2007, Plaintiff Deshayla Avant ("Plaintiff") filed a Complaint against J.C. Penney Corporation ("J.C. Penney") in the Law Division of the Superior Court of New Jersey, Gloucester County. The Complaint alleges that due to J.C. Penney's negligence, Plaintiff was injured when a mannequin and attached rack fell and struck her while she was visiting J.C.

1

Penney Department Store in the Deptford Shopping Mall, Deptford, New Jersey.  On April 27, 2007, J.C. Penney removed the case to this Court.  Before the Court is Plaintiff's Motion to Remand to the Superior Court, Law Division, Gloucester County pursuant to 28 U.S.C. §1447(c).  For the reasons set forth below, we will deny Plaintiff's motion.

**I.**

On April 15, 2005, Plaintiff visited the J.C. Penney Department Store in Deptford, New Jersey.  While she was in the dressing room, a mannequin with an attached rack fell over and struck her.  She alleges that this incident caused her to suffer permanent and severe injuries that require medical treatment and force her to refrain from her normal pursuits.  She seeks compensation for her injuries and medical expenses, but does not specify an amount of damages.[1]  Plaintiff states that her primary injuries were a "closed head injury/slight concussion" and a "cervical strain/sprain, trapezius muscle spasm," which were treated by Dr. Villare after the accident. (Pl.'s Cert., ¶ 7.).  She alleges that she last saw Dr. Villare for treatment November 17, 2005, and that he did not recommend surgery for her injuries.

Upon receipt of the Complaint, J.C. Penney requested that

---

[1] *N.J. Civ. P. R. 4: 5-2* states: "If unliquidated money damages are claimed in any court . . . the pleading shall demand damages generally without specifying the amount."

Plaintiff agree to cap monetary damages at $75,000. Plaintiff refused, stating that surgery could still be a possible treatment for her injuries.

On April 27, 2007, J.C. Penney removed the case to this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a). The notice of removal states that J.C. Penney is a corporation organized under Delaware law with its principal place of business in Texas, and that Plaintiff is a citizen of New Jersey.[2] J.C. Penney claims that the amount in controversy, based on its reading of the Complaint, exceeds $75,000. On May 4, 2007, Plaintiff filed a motion to remand the case to the Superior Court. Plaintiff contends that J.C. Penney has failed to prove that the amount in controversy exceeds the jurisdictional amount set forth in 28 U.S. C. § 1332(a).

## II.

A defendant may remove a claim from state to federal court if the claim is one "of which the district courts have original jurisdiction." 28 U.S.C. §1441(a). One basis for original jurisdiction is diversity, which requires that the claim be

---

[2] While J.C. Penney contends that it is a corporation organized under the laws of Delaware, Plaintiff's Complaint alleges that J.C. Penney is a corporation organized under the laws of New Jersey. Plaintiff, however, does not challenge jurisdiction based on the lack of diversity. Rather, Plaintiff's only challenge to federal diversity jurisdiction is that the amount in controversy does not meet the $75,000 minimum.

between "citizens of different states" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The defendant bears the burden of proving that removal is appropriate. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). If diversity of citizenship is the basis for removal, the defendant must show that the amount in controversy exceeds the $75,000 minimum. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 222 (3d Cir. 1999).

When a complaint fails to demand a specific amount of damages, the court must perform its own "independent appraisal of the value of the claim." *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) (citing *Corwin Jeep Sales & Serv., Inc. v. Am. Motor Sales Corp.*, 670 F. Supp 591, 596 (M.D.Pa. 1986)). In appraising the value, a court should "not emphasize the low end of a claim," but rather, should carry out a "reasonable reading of the value of the rights being litigated." *Id.* In doing so, the court must decide the amount in controversy based on the complaint itself. *Id.* at 145. The amount in controversy is measured on the date of removal. *See Meritcare,* 809 F.3d at 217. A court must resolve all doubts in favor of remand, and strictly construe all provisions against removal. *Boyer*, 913 F.3d at 111 (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

4

While it is clear that the defendant has the burden of proving jurisdiction, there is some disagreement in the Third Circuit as to what the defendant must demonstrate in order to satisfy the amount in controversy requirement.  The Third Circuit has not chosen one particular approach, and courts have applied differing standards at different times, including the legal certainty standard, the reasonable probability standard, the preponderance of the evidence standard, and the inverse legal certainty standard.  See *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 562 (D.N.J. 2000) (discussing in detail the four standards used within the Third Circuit for assessing whether the party supporting or opposing remand has met its burden).

Under any of these standards, this Court generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000.  Plaintiff alleges that the injuries she sustained are "permanent, severe, and disabling" such that she has needed and will continue to need medical treatment and "has been and will in the future be caused to refrain from her normal pursuits." (Compl., Count One, ¶ 4).  Furthermore, Plaintiff's refusal to agree to a $75,000 damage cap evinces her own belief that she may be entitled to compensation over the jurisdictional amount.  A jury could reasonably award Plaintiff damages in excess of $75,000 for the injuries she has

5

alleged.[3]

### III.

For the reasons stated above, the Court will deny Plaintiff's Motion to Remand. The Court will issue an appropriate order.

Date: June 19th, 2007

s/ Joseph E. Irenas
JOSEPH E. IRENAS
Senior United States District Judge

---

[3] The District of New Jersey has found that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000. *See Garofalo v. Medtronic, Inc.*, No. 97-1655, WL 1049566, *4 (D.N.J. 1997) (listing cases in which the Complaint alleges sufficient facts to satisfy the amount in controversy requirement, even though no specific amount is identified).